NASHVILLE & CHATTANOOGA RAILROAD COMPANY *v.*
JOHN T. SMITH, Adm'r, etc.

RAILROADS. *Personal injuries causing death. Contributory negligence. Damages. Charge of court.* In an action against a railroad company for personal injuries causing death, upon declaration containing two counts, one for failure to observe statutory precautions, ond the other for common law negligence, the proof showed that plaintiff's intestate was standing upon a platform about thirty-eight inches high and about two feet from the track at a station which was not a regular stopping point; when the train was about one hundred yards distant, she got down from the platform and began to walk upon the ends of the cross-ties, between the platform and the rails; being warned by a by-stander of her danger, she said, "I think I can make it," but turned and beckoned to her child not to follow her; she was caught by the train before reaching the end of the platform and killed. The engineer testified he did not see her.

1. The circuit judge, at the request of plaintiff's counsel, charged: "If plaintiff's intestate got herself without negligence into a position of danger, she is not to be held responsible for contributory negligence for an honest though erroneous exercise of judgment in getting out." *Held,* this was misleading and erroneous; if the appearances were such as to put a reasonable person in apprehension of danger, and she disregarded them and her death resulted in consequence, this was such contributory negligence as bars a recovery at common law, and mitigates damages under a count for failure to observe statutory precautions.

2. Defendant's counsel asked the court to charge, "It is the duty of an intelligent being to exercise reasonable precaution to avoid danger, and this precaution must be exercised in proportion to the danger and the knowledge of the danger." To which the court replied: "That applies to the common law count, but not to the count for statutory negligence." *Held,* this was error; the instruction requested applies to both counts, the difference being that deceased's violation of this rule would bar the remedy at common law and mitigated the damoges under the statute.

3. The court instructed the jury that they might consider as an element of damage, the loss by deceased's children of the society and

Railroad Co. v. Smith.

protection of their mother. *Held*, this was error; this is an action under Code, sec. 2291, and in such case plaintiff can recover only such damage as deceased could claim had she lived.

FROM MARION.

Appeal in error from the Circuit Court of Marion county. D. C. TREWHITT, J.

KEY & RICHMOND for Railroad.

W. E. DONALDSON and N. BURT for Smith.

McFARLAND, J., delivered the opinion of the court.

This action was brought by the administrator of Merzy Nunnelly, deceased, for the use of her surviving husband and next of kin, to recover of the railroad damages for injuries causing her death. There was verdict and judgment for the plaintiff for $3,500, from which the defendant has appealed in error.

There is no material conflict in the evidence as set out in the bill of exceptions. The deceased was killed by a passenger train on defendant's road, at a station called "Vulcan." At about 2 o'clock in the afternoon, she had been engaged in getting some articles out of a box she had on the platform, when the train came in sight, running on regular schedule time from Chattanooga to Nashville. Vulcan was not a stopping place for that train, and in passing its speed was about twenty miles per hour. After getting the articles, deceased started with them along the side of the track and between the rails and the platform, walking part

of the time on the ends of the cross-ties. She was going in the direction of the coming train, and in full view of it. According to some of the witnesses, it was not more than one hundred yards distant when she started—according to others, something further. The platform was thirty-eight or thirty-nine inches high, and the space between the platform and the cars when on the track is said by the witnesses to be from one to two and a half feet. There was another way or path leading from the point where the deceased started to the house of her daughter, where she was then living, but a steeper, rougher way than the route taken by her. After she started, she was spoken to by a bystander and told that she had better get off the track or the train would kill her; this witness says he again said to her, "Don't you see that train coming, it will kill you;" she replied that "it would not," or that she could get off; or, according to another witness, "she guessed she could make it." At any rate she kept on, although she motioned to a little grand son who was following her, to go back. This witness says when the train was within twenty feet of her, he "hallooed" to her again. When near the end of the platform she stopped and leaned up against it, in which position she was struck and killed.

There is proof that she could have gotten off the track and out of the way after she was spoken to, or even at the last moment, by stooping under the platform. Her conduct was so unaccountable as to induce the belief upon the part of some that her death was intentional. The engineer says he did not see

her, and did not know that any one had been killed until he reached Tullahoma, a considerable distance away.

There are two counts in the declaration. The first charging a failure to observe the statutory precautions against accidents; the second charging common law negligence.

Among other things, the judge used the following language in his charge: "If plaintiff's intestate got herself without negligence into a position of danger, she is not to be held responsible for contributry negligence for an honest though erroneous exercise of judgment in getting out there. Instructions are applicable to both counts."

This, as we understand it, means that if she honestly thought she could pass safely between the platform and the train, or get out of the way before the train reached that point, that this was but an error of judgment and not negligence. This was misleading and erroneous. If the danger was patent to a person of ordinary intelligence, and deceased possessed ordinary intelligence and was in the possession of her natural faculties, and voluntarily placed herself in such position of danger, especially after she was directly cautioned against it, then she was guilty of negligence. No matter if she did honestly think she would escape unhurt, it was nevertheless negligence to take the risk.

Again, the judge was requested to say to the jury "that it is the duty of an intelligent being to exercise reasonable precautions to avoid danger, and this precaution must be exercised in proportion to the danger

and the knowledge of the danger," to which he responded, "Such is the law applicable to the second count, but not to the first count."

The proposition was applicable to both counts; the difference being, however, that contributory negligence does not defeat the action under the first count, but only mitigates the damages, whereas, under the second count it might defeat the action altogether. The question of contributory negligence was, however, pertinent under either enquiry.

The charge is also erroneous in instructing the jury that in estimating damages, they might take into consideration the loss of social relation of husband and wife, parent and child, etc., and the advice and protection of the deceased as wife and mother.

There are expressions in some of our opinions justifying this charge, to some extent at least. But this is the statutory action given by sec. 2291, *et seq.*, of the Code, and is the same action, whether it be brought by the injured party in person or by his administrator after his death: *Railroad* v. *Fowler*, 9 Heis., 829.

Hence the damages to be recovered are those sustained by the injured party—the action is not for wrongs to the husband or next of kin. The damages are such as the injured party could have recovered, if instead of being killed she had been disabled for life, if not the same amount, at least for the same elements of damages.

Judgment reversed, and new trial awarded.